ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2009 NOV 25 A 8: 36

CLERK [signature]
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| THOMAS LEWIS WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 309-043 |
| | ) | |
| GEORGIA BOARD OF PARDON AND PAROLE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at Johnson State Prison in Wrightsville, Georgia, commenced this civil action pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *pro se* and *in forma pauperis*, and this matter comes before the Court on Plaintiff's "Motion for Injunction." For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request for injunctive relief be **DENIED**. (Doc. no. 10).

### I. BACKGROUND

Plaintiff commenced this civil action, claiming that he has been subject to racial and religious discrimination by prison officials while participating in a faith-based program at Johnson State Prison. (Doc. no. 1, p. 5).[1] In the instant motion, Plaintiff states that

---

[1] In his initial filing, Plaintiff also alleged that the Georgia Board of Pardon and Parole disregarded the "grid guideline system" in calculating his eligibility for parole, which Plaintiff contends has extended his period of incarceration. (Id.). Thus, Plaintiff impermissibly attempted to assert a claim or claims pursuant to 42 U.S.C. § 1983 and to petition for habeas corpus relief in the same civil action. Plaintiff was informed that only his

Defendant Washington, the Warden at Johnson State Prison, has recently issued a memorandum, attached to the motion, that limits inmates requests for indigent postage to one day per week. (Doc. no. 10, pp. 1, 3). According to the memorandum, "all indigent mail should be turned into the inmate store on the offender's regular[ly] scheduled store day. At this time [the inmate's] account will be checked to determine if [the inmate] is eligible for indigent postage." (Id. at 3 ¶ 1). The memorandum goes on to state that the inmate's store day will be the only day on which the inmate will be allowed to turn in [his or her] indigent request; thus, each inmate must report to the store on the day his or her living unit is scheduled. (Id. ¶ 2). Plaintiff contends that Defendant Washington has "inadvert[ent]ly" denied him access to the courts by issuing this memorandum, which has purportedly affected Plaintiff's ability to "meet his legal obligations in a timely manner." (Id. at 1-2). Accordingly, Plaintiff requests an injunction be issued enjoining this practice so that Defendant Washington "may consider a more reasonable solution." (Id. at 2).

## II. INJUNCTIVE RELIEF REQUIREMENTS

A party moving for injunctive relief must show the following: (1) a substantial likelihood that he will prevail on the merits; (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted; (3) the threatened injury to him outweighs the threatened harm an injunction may cause the opponent; and (4) granting the preliminary

---

§ 1983 claims against prison officials regarding racial and religious discrimination would be proceeding. (See doc. no. 3, p. 2). Plaintiff was further instructed that if he sought to pursue a civil rights claim against the Georgia Board of Pardon and Parole, he would have to file a separate lawsuit, and that if wished to seek immediate release from incarceration, he would have to file a separate habeas petition. (Id. at 2 n.2). Plaintiff's claims against the Georgia Board of Pardon and Parole are now the subject of a separate civil action. See White v. Georgia Bd. of Pardon & Parole, CV 309-067 (S.D. Ga. Oct. 1, 2009).

2

injunction will not disserve the public interest.[2] McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." All Care Nursing Serv., Inc., 887 F.2d at 1537.

Plaintiff has failed to meet his burden of persuasion as to all four requisites for injunctive relief because he has failed to establish a substantial likelihood on the success of the merits. Indeed, Plaintiff has contended that Defendant Washington has denied him access to the courts by implementing the policy outlined in the memorandum described above. However, in order to state a viable denial of access to the courts claim, Plaintiff must plead and prove actual injury to existing or contemplated litigation or nonfrivolous (and therefore viable) claims challenging his sentence or conditions of confinement. Lewis v. Casey, 518 U.S. 343, 349-55 (1996); see also Wilson v. Blankenship, 163 F.3d 1284, 1291 (11th Cir. 1998) (emphasizing that an inmate's right to access the courts is only implicated where there is actual injury suffered "in the pursuit of specific types of nonfrivolous cases: direct or collateral attacks on sentences and challenges to conditions of confinement."). The

---

[2]The Court has construed Plaintiff's "Motion for Injunction" as a request for a preliminary injunction, as opposed to a temporary restraining order. Indeed, a temporary restraining order is usually sought "to preserve the status quo until the Court can conduct a thorough inquiry into the propriety of a preliminary or permanent injunction." Hosp. Res. Pers., Inc. v. United States, 860 F. Supp. 1554, 1556 (S.D. Ga. 1994) (Bowen, J.), but it is clear that Plaintiff does not seek to preserve the status quo. In any event, the Court has evaluated Plaintiff's request under the well-known standards generally applicable to both types of requests for injunctive relief. Bieros v. Nicola, 857 F. Supp. 445, 446 (E.D. Pa. 1994) ("The standards for a temporary restraining order are the same as those for a preliminary injunction." (citation omitted)).

Eleventh Circuit has clarified the requirements for pursuing a denial of access to the courts claim as follows:

> [A] plaintiff first must show actual injury before seeking relief . . . . This essential standing requirement means that [a defendant's] actions that allegedly violate an inmate's right of access to the courts must have impeded the inmate's pursuit of a nonfrivolous, post-conviction claim or civil rights action. To prevail, a plaintiff must provide evidence of [] deterrence, such as denial or dismissal of a direct appeal, habeas petition, or civil rights case that results from actions of [a defendant].

Blankenship, 163 F.3d at 1290-91(citations omitted). Stated otherwise, there must be an allegation that the actions of a defendant acting under the color of state law "hindered . . . 'efforts to proceed with a legal claim in a criminal appeal, post conviction matter, or civil rights action seeking to vindicate basic constitutional rights.'" Id. at 1291 (quoting Sabers v. Delano, 100 F.3d 82, 84 (8th Cir. 1996) (*per curiam*)).

Here, Plaintiff has failed to show that he has suffered actual injury because he has not shown that Defendant Washington's actions have resulted in the denial or dismissal of any appeal, habeas petition, or any civil rights case. Moreover, the memorandum at issue went into effect on Monday, October 26, 2009. (Doc. no. 10, p. 3). Plaintiff executed his motion for injunctive relief on October 28, 2009, and it was filed with the Clerk of Court two days later on October 30, 2009. (See id. at 1-2). Thus, it is clear that the new policy regarding requests for indigent postage has not hindered Plaintiff's access to the courts. In sum, Plaintiff's motion for injunctive relief should be **DENIED** because he has failed to demonstrate a substantial likelihood of success on the merits, and thus, Plaintiff cannot meet his burden of persuasion on all four requisites for injunctive relief.

4

### III.  CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request for injunctive relief be **DENIED**.  (Doc. no. 10).

SO REPORTED and RECOMMENDED this 25th day of November, 2009, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE